IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ELIZABETH MARTIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONSUMER ADJUSTMENT | ) |
| COMPANY, INC., | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Elizabeth Martin, by and through undersigned counsel, and for her complaint against the Defendant, Consumer Adjustment Company, Inc., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### II.    JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District in that Plaintiff resides here, Defendant transacts business here, and the conduct complained of occurred here.

### III.    PARTIES

4. Elizabeth Martin ("Plaintiff") is a natural person who resides in Independence, Missouri.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §1692a(3).

6. Consumer Adjustment Company, Inc. ("CACi") is a domestic corporation engaged in the collection of consumer debt within the State of Missouri.

7. CACi is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   ALLEGATIONS

8. The debt allegedly owed by Plaintiff ("the Debt"), was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. On or about September 15, 2015, Plaintiff retained counsel to assist in the resolution of several debts, including the Debt.

10. On or about November 16, 2015, Plaintiff's counsel sent notice of representation to Plaintiff's creditors, including CACi.

11. On or about November 20, 2015, CACi received and signed for Plaintiff's notice of representation.

12. On or about December 29, 2015, having received no response from CACi, Plaintiff's counsel sent another notice of representation to CACi.

13. On or about January 4, 2016, CACi received and signed for Plaintiff's second notice of representation.

14. Despite receiving two separate notices that Plaintiff was represented by an attorney, CACi contacted Plaintiff directly by letter dated January 7, 2016.

15. This communication by CACi violated 15 U.S.C. § 1692c(a)(2) of the FDCPA, which prohibits debt collectors from contacting consumers after receiving notice that the consumer is represented by an attorney.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Elizabeth Martin, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from CACi and for Plaintiff;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from CACi and for Plaintiff;

c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from CACi and for Plaintiff;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**CREDIT LAW CENTER, LLC**

**By: /s/ Andrew M. Esselman**
Andrew M. Esselman #64837
255 NW Blue Parkway, Suite 200A
Lee's Summit, MO 64063
Telephone: 816-246-7800
Facsimile: 855-523-6884
andrewe@creditlawcenter.com
**Attorney for Plaintiff**