IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH MARTIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CONSUMER ADJUSTMENT )<br>COMPANY, INC., )<br>)<br>Defendant. ) | Case No. 16-01180-CV-W-ODS |

**<u>ORDER AND OPINION (1) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND (3) DISMISSING MATTER FOR LACK OF STANDING</u>**

Pending are Plaintiff's motion for partial summary judgment (Doc. #27), and Defendant's motion for summary judgement (Doc. #29). As discussed below, the Court finds Plaintiff lacks standing. Accordingly, the Court denies both motions for summary judgment, and dismisses the case because Plaintiff lacks standing.

## I. BACKGROUND

On November 3, 2016, Plaintiff filed her Complaint. Doc. #1. Plaintiff later filed an Amended Complaint, alleging two violations of the Fair Debt Collection Practices Act ("FDCPA") by Defendant. Doc. #16. Plaintiff alleges Defendant violated 15 U.S.C. § 1692c(a)(2) when it sent a letter to Plaintiff after receiving notice that Plaintiff was represented by an attorney. Plaintiff also alleges Defendant violated 15 U.S.C. § 1692e(2) because the letter she received had two different balances marked "Amount Due." Plaintiff seeks actual damages, statutory damages, attorney's fees, and any other appropriate relief.

Plaintiff moves for partial summary judgment on her claim that Defendant violated the FDCPA by sending a letter with two different balances marked "Amount Due." Doc. #27. Defendant moves for summary judgment on both alleged FDCPA violations, but first argues Plaintiff lacks standing, and thus, the Court should dismiss

her claims. Doc. #29. The Court will discuss facts relevant to its standing analysis below.

## II. STANDARDS

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). However, the Court must first find it has jurisdiction to grant relief requested by the parties. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The party invoking federal jurisdiction has the burden of establishing it exists. *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013).

The "irreducible constitutional minimum" of standing has three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61; *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). "When the defendant challenges standing at the summary judgment stage, the plaintiff must submit affidavits or other evidence that demonstrate through specific facts that [s]he has suffered an injury in fact." *Woods v. Caremark, L.L.C.*, No. 15-cv-00535, 2016 WL 6908108, at *2 (W.D. Mo. July 28, 2016) (citing *Lujan*, 504 U.S. at 561). "The plaintiff must establish that there exists no genuine issue of material fact as to justiciability or the merits." *Id.* (citation and internal quotations omitted).

## III. DISCUSSION

Defendant argues Plaintiff lacks standing because she has not suffered an injury in fact.[1] The "fairly traceable" and "redressability" elements of the standing analysis are

---

[1] In a section heading and footnote, Defendant indicates the focus of its standing argument relates to Plaintiff's claim regarding the content (i.e., two different balances

not at issue.  Plaintiff's injury, if one exists, can easily be traced to Defendant's alleged violations of the FDCPA.  Furthermore, Plaintiff's alleged injury would be "redressed by a favorable judicial decision" in which Plaintiff would recover actual or statutory damages as pleaded.  Accordingly, the Court's analysis is limited to whether Plaintiff suffered an injury in fact sufficient to establish jurisdiction is proper.

To establish injury in fact, a plaintiff must show he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 (internal quotation marks omitted)).  *Spokeo* presented the question "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Questions Presented, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S.), *available at* https://www.supremecourt.gov/qp/13-01339qp.pdf (last visited Dec. 21, 2017).

The *Spokeo* Court remanded the matter because the Court of Appeals failed to consider whether the plaintiff's injury was "*both*" concrete and particularized.  *Spokeo*, 136 S. Ct. at 1545 (emphasis in original).  In doing so, the Court reiterated, "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* at 1547-48 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997)).  The injury must be "concrete *and* particularized," and "[a] concrete injury must be *de facto*, that is, it must actually exist." *Id.* at 1548

---

provided) of Defendant's letter to Plaintiff.  Doc. #30, at 7.  Defendant's footnote suggests the Court may *sua sponte* find Plaintiff lacks standing regarding receipt of the letter (i.e., where it was mailed).  Defendant's brief does not distinguish between the two violations, and concludes by arguing more broadly that "Plaintiff's FDCPA claim should be dismissed with prejudice for lack of standing...because the uncontroverted material facts demonstrate no concrete injury-in-fact necessary for standing."  Doc. #30, at 13. Plaintiff's opposition brief also does not distinguish between standing to bring the two violations, and argues broadly that Plaintiff has standing.  Doc. #36, at 9-17.  Because the parties argue the broader proposition, the Court does not distinguish between the two alleged FDCPA violations in analyzing whether Plaintiff has standing.  Finding the material facts are indistinguishable between the two alleged violations, and do not demonstrate Plaintiff suffered an injury in fact related to either violation, the Court concludes Plaintiff lacks standing to bring a claim based on both alleged FDCPA violations.

(internal quotations omitted) (emphasis in original). Concrete "is not, however, necessarily synonymous with tangible," and "intangible injuries can nevertheless be concrete." *Id.* at 1549 (internal quotations omitted). To determine whether an intangible harm is sufficiently concrete to confer standing, "both history and judgment of Congress play important roles." *Id.* If the "alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts," the intangible harm may satisfy the injury in fact requirement. *Id.* While Congress may elevate *de facto* injuries to legally cognizable status, this does not mean "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* If "the violation of a procedural right granted by statute" creates a "risk of real harm," a plaintiff "need not allege any *additional* harm beyond the one Congress has identified." *Id.* (emphasis in original) (citations omitted).

Following *Spokeo*, the Eighth Circuit requires a plaintiff to identify a risk of real harm that is neither speculative nor hypothetical in cases alleging violations of procedural rights. *See Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016) (finding the plaintiff lacked standing to bring a claim based on an alleged violation of the Cable Communications Policy Act's retention of personal information provisions where plaintiff failed to identify any risk of harm due to the retention); *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 691-92 (8th Cir. 2017) (finding the plaintiff had standing to assert an FDCPA claim where plaintiff suffered "harm of being subjected to baseless legal claims, [which creates] the risk of mental distress...."). District courts within the Eighth Circuit have applied *Spokeo* and its progeny in FDCPA cases to find a plaintiff lacks standing when no harm or risk of harm is established. *See Wheeler v. Am. Profit Recovery, Inc.*, No. 15CV368, 2017 WL 4358718, at *3-4 (E.D. Mo. Sept. 29, 2017); *May v. Consumer Adjustment Co.*, No. 14CV166, 2017 WL 227964, at *3-4 (E.D. Mo. Jan. 19, 2017); *Jackson v. Abendroth & Russell, P.C.*, 207 F. Supp. 3d 945, 952-62 (S.D. Iowa 2016).

The Court recognizes Congress, in passing the FDCPA, "created a statutory right to be free from attempts to collect debts not owed, helping to guard against" identified harms such as "personal bankruptcies," "marital instability," "loss of jobs," and "invasions of individual privacy." *Demarais*, 869 F.3d at 692; *see also* 15 U.S.C. §1692(a) (listing Congressional findings detailing the need to pass the FDCPA). Nonetheless, Plaintiff must demonstrate a concrete harm, that is one that "creates the risk of real harm," resulting from the violation of a statutory right to establish standing in this case. *Id.* at 691.

Plaintiff fails to prove a concrete injury sufficient to establish standing. Plaintiff alleges Defendant violated the FDCPA by communicating, via a letter, directly with her, despite knowing she was represented by counsel. *See* 15 U.S.C. § 1692c(a)(2). Plaintiff, after being given a copy of the letter from Defendant, testified as follows:

> Q. [by Defendant's counsel] And you say you think this is a bill?
> A. Yes.
> Q. Do you remember when you first saw this document?
> A. I don't remember.
> Q. Do you remember how many times you've seen this before?
> A. I don't remember.
> Q. Do you remember where you were the first time you saw it?
> A. No.
> Q. Do you remember who gave this to you for the first time?
> A. I'm not sure. Any time I get anything in the mail that's any type of collections or bills or anything I send it to [Plaintiff's Counsel's Law Firm] like I was instructed.
> ...
> Q. How do you know you received this in the mail? I'll rephrase that. Are you saying that you received this in the mail?
> A. I don't know. I would assume I did.
> Q. But you don't know either way, correct?
> A. Yeah. I would assume I did. Every time I get anything in the mail I hand it over. But I don't remember.

Doc. #31, at 3-4.

Plaintiff also alleges Defendant violated the FDCPA by falsely representing the amount of debt due because Defendant's letter included two different balances marked "Amount Due." *See* 15 U.S.C. § 1692e(2). Plaintiff testified she did not know the amount, if any, she owes, but she did not contact Defendant about the letter or amount, did not recall whether she had any feelings about the letter, and did not recall paying

5

any money related to the alleged debt to Defendant or the entity that reported the debt.[2] Doc. #31, at 4-5. Plaintiff testified she does not suffer from a medical condition as a result of the letter, nor has she sought treatment from a medical provider because of the letter.[3] Doc. #31, at 7. Plaintiff testified the only damages she suffered due to the letter was the expense of filing this lawsuit, and lost time in the form of meeting with counsel and sitting for her deposition. Doc. #31, at 8.

Plaintiff does not recall receiving the letter, and the record does not reveal whether Plaintiff even opened or read the letter prior to giving it to her counsel. Doc. #31, at 4. In fact, Plaintiff's claim was not even discovered until a July 2016 review of Plaintiff's file by an employee of Plaintiff's counsel's law firm. Doc. #28-2. In disputing Defendant's statement of facts, Plaintiff responds to Defendant's statement that she "suffered no damages at all" by pointing to the Amended Complaint and her affidavit submitted with the briefs. Doc. #36, at 8. Plaintiff's reference to the Amended Complaint leads to paragraphs that merely set forth the FDCPA statutory provisions allegedly violated by Defendant. As described above, violation of a statutory provision alone does not establish standing, and thus, citation to the Amended Complaint is insufficient. In relevant part, Plaintiff's affidavit merely states, "[t]o date, I am uncertain of the amount owed, if any, to [Defendant]." Doc. #28-1. This, too, is insufficient to establish Plaintiff suffered harm or suffers from a risk of harm necessary to establish a concrete injury sufficient for standing. At the summary judgment stage, Plaintiff fails to "demonstrate through specific facts that [s]he has suffered an injury in fact." *Woods*, 2016 WL 6908108, at *2. Accordingly, the Court finds Plaintiff lacks standing, and therefore, must dismiss this matter. *See Citizens for a Better Env't*, 523 U.S. at 94.

---

[2] Plaintiff, in arguing Defendant is not entitled to an affirmative defense of bona fide error, concedes Defendant's letter with different balances marked "Amount Due" was "the result of a clerical error." Doc. #36, at 18 n.2. While not dispositive, this concession further supports finding Plaintiff did not suffer a concrete injury because the obvious clerical error did not lead Plaintiff to believe Defendant was intentionally misleading or deceiving her.

[3] Unlike *Demarais*, the harm "of being subjected to baseless legal claims, creating the risk of mental distress" is not present here. *Demarais*, 869 F.3d at 692. Plaintiff's testimony indicates she has no mental distress from the letter, and there is no threat of, or commencement of, a collection action or other court proceeding related to the debt in question.

6

## IV. CONCLUSION

The Court finds Plaintiff lacks standing. The Court denies Plaintiff's motion for partial summary judgment, and denies Defendant's motion for summary judgment. Because Plaintiff lacks standing, the matter is dismissed.

IT IS SO ORDERED.

                                                     /s/ Ortrie D. Smith  
                                                     ORTRIE D. SMITH, SENIOR JUDGE  
DATE: December 22, 2017                  UNITED STATES DISTRICT COURT